MOSLEY v FEDERAL DEPARTMENT STORES, INC.

Docket No. 77-2151. Submitted May 2, 1978, at Detroit.—Decided
  August 22, 1978.

Security guards in a Federals Department Store detained Mario
Landers on suspicion of shoplifting. He was accompanied by his
grandmother, Delores Mosley. Delores Mosley, her husband
Herbert Mosley and Mario Landers brought an action against
Federals, seeking damages for mental anguish. A count in
plaintiffs' complaint, entitled "Intentional Infliction of Emo-
tional Distress", pled facts sounding both in that claim and in
false imprisonment. The Wayne Circuit Court, Neal Fitzgerald,
J., determined that under the statute governing actions against
merchants arising out of shoplifting incidents a plaintiff is
limited to certain types of actions, including false imprison-
ment, and that therefore the action was one for false imprison-
ment and the Mosley's claims were barred by the two-year
statute of limitations applicable to such actions. The statute
does not affect Mario Landers' claim because he is a minor.
Defendant's motion for accelerated judgment as to the Mosleys
only was granted, and the Mosleys appeal by leave granted.
*Held:*

1. The statute does not limit the type of actions which may
be brought against a storeowner. Intentional infliction of men-
tal distress is recognized as a separate cause of action, and the
trial court erred in determining that the present action was
really one for false imprisonment.

2. The tort of intentional infliction of mental distress is
subject to a three-year statute of limitations; therefore, the
grant of defendant's motion for accelerated judgment was error
because the action was brought within three years.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 148, 232, 272–275.
[2] 50 Am Jur 2d, Larceny § 50.
  73 Am Jur 2d, Statutes §§ 430–434.
[3] 74 Am Jur 2d, Torts § 27.
[4] 51 Am Jur 2d, Limitation of Actions § 61 *et seq.*
[5] 1 Am Jur 2d, Actions § 1.
[6] 51 Am Jur 2d, Limitation of Actions § 102 *et seq.*

1. Statutes—Construction—Express Provisions—Legislative Purpose.

   The express mention of one thing in a statute excludes other, similar things; however, this rule of statutory construction cannot substitute for the legislative purpose underlying a particular statute.

2. Action—Statutes—Action Against Merchant—Burden of Proof—Type of Action.

   A statute which concerns the damages allowable to a person who was suspected of shoplifting in an action against a merchant arising out of the shoplifting incident establishes the burden of proof which a plaintiff seeking to recover damages must meet, but does not limit the types of actions which a plaintiff can bring against the merchant (MCL 600.2917; MSA 27A.2917).

3. Torts—Intentional Infliction of Mental Distress—Cause of Action.

   Intentional infliction of mental distress is a separate cause of action, not merely an aggravating element of damages dependent on another cause of action.

4. Appeal and Error—Limitation of Actions—Label on Action—Interest Injured.

   The Court of Appeals must examine both the label placed on a plaintiff's action and the type of interest that was allegedly injured in order to apply the correct statute of limitations.

5. Action—Causes of Action—Facts—Interest Injured.

   One set of facts may give rise to two causes of action, depending on the interest that is injured.

6. Limitation of Actions—Intentional Infliction of Mental Distress—Statutes.

   An action for intentional infliction of mental distress is subject to a three-year statute of limitations (MCL 600.5805[7]; MSA 27A.5805[7]).

*Peter R. Barbara* and *Frank G. Becker*, for plaintiffs.

*John N. Highland* (by *J. R. Zanetti, Jr.*), for defendant.

Before: M. F. CAVANAGH, P. J., and BRONSON and D. F. WALSH, JJ.

M. F. CAVANAGH, P. J. Plaintiffs Delores and Herbert Mosley appeal from the trial court's granting of the defendant's motion for accelerated judgment. The court below, interpreting MCL 600.2917; MSA 27A.2917, ruled that the statute of limitations barred plaintiffs' action.[1]

On November 6, 1974, defendant's security guards detained the plaintiffs' grandson in the defendant's store, apparently for suspected shoplifting. After two years but before three years had passed, plaintiffs, including the grandson, brought suit. In the complaint, plaintiff Delores Mosley (hereinafter "plaintiff") sets forth facts on Count I, labeled "Intentional Infliction of Emotional Distress", which appear to sound both in that claim and also in false imprisonment, and seeks damages for mental anguish. Plaintiff asserts that the gist of her action is that of intentional infliction of mental distress, governed by a three-year statute of limitations; defendant insists that the claim is one for false imprisonment, but that in any event MCL 600.2917; MSA 27A.2917, by its express terms, limits a plaintiff seeking damages for mental anguish to, among others, an action for false imprisonment. Using either of defendant's arguments, the plaintiffs' action is now barred by the expiration of the two-year statute of limitations set out in MCL 600.5805(1); MSA 27A.5805(1). Plaintiff asserts the trial court erred in adopting this line of reasoning in granting defendant's motion.

Before discussing the nature of the plaintiff's

---

[1] Plaintiff Herbert Mosley's action for loss of consortium is derivative to plaintiff Delores Mosley's; its fate, while governed by the outcome of the appeal of the wife's claim, is thus outside the scope of the immediate discussion.

complaint, we must first evaluate the interpretation of § 2917 urged by the defendant and adopted by the trial court. A reading of applicable case law and commentary persuades us that this interpretation is erroneous, partly as a result of the admitted confusion surrounding the distinction between mental anguish as an element of damages recoverable in a false imprisonment action and the distinct action for intentional infliction of mental distress. More pertinently, it results from a misapprehension of the nature and purpose of the statute itself.

MCL 600.2917; MSA 27A.2917 provides:

"In any civil action against a merchant, his or its agent, for false imprisonment, unlawful arrest, assault, battery, libel or slander, if the claim arose out of conduct involving a person suspected of removing or of attempting to remove from a store without right or permission goods held for sale therein, where the merchant, his or its agent had probable cause for believing and did believe that the plaintiff had committed or aided or abetted in the larceny of goods held for sale in the store, *no damages for or resulting from mental anguish and no punitive, exemplary or aggravated damages shall be allowed a plaintiff, excepting when it is proved* that the merchant, or his or its agent used unreasonable force or detained plaintiff an unreasonable length of time or acted with unreasonable disregard of plaintiff's rights or sensibilities or acted with intent to injure plaintiff." (Emphasis supplied.)

The defendant contends that whenever a shoplifting incident provides the factual basis for a plaintiff's claim, the specific mention of damages for mental anguish in MCL 600.2917; MSA 27A.2917 precludes their recovery in any action other than those six enumerated in the statute. Even if plaintiff has an otherwise cognizable action

for damages due to intentional infliction of mental distress, the statute requires the court to read the factual allegations in the complaint as stating an action for false imprisonment.

While it is correct that the express mention of one thing in a statute excludes other, similar things, *Stowers v Wolodzko,* 386 Mich 119; 191 NW2d 355 (1971), *People v Malik,* 70 Mich App 133; 245 NW2d 434 (1976), this maxim of statutory interpretation cannot substitute for the legislative purpose underlying a particular statute. *Chesapeake & O R Co v Public Service Comm,* 59 Mich App 88, 101; 228 NW2d 843, 851 (1975), *lv den,* 394 Mich 818 (1975). In *Bonkowski v Arlan's Department Store,* 383 Mich 90, 102–103; 174 NW2d 765, 769–770 (1970), the Michigan Supreme Court analyzed the history of § 2917 to construe the statute. Admittedly, § 2917 has a protective purpose; it in effect allows storeowners who suspect individuals of shoplifting to detain them without fear of a recovery of exemplary damages or damages beyond the purely compensatory, at least where the storeowner acted with probable cause, *Bonkowski, supra,* at 104; 174 NW2d at 770. Short of granting storeowners a statutory privilege to temporarily detain, Hawkins, Practice Commentary, 33 MCLA 681, the Legislature instead chose to place an additional burden of proof on a plaintiff seeking to recover damages, by requiring a showing that the storeowner acted with unreasonable force or the detention lasted an unreasonable time. The statute thus conditions a plaintiff's recovery upon proof of the storeowner's unreasonableness; § 2917 imposes nothing more than an additional burden of proof upon any plaintiff who seeks aggravated damages in actions against storeowners arising from a shoplifting incident. *Bonkowski, supra.* Nothing, there-

fore, in the history and purpose of § 2917 indicates that the Legislature intended it to limit the type of actions a plaintiff could bring against a storeowner.

Defendant's erroneous interpretation of the statute may also stem from the theoretical confusion surrounding the distinction between damages for mental anguish incident to an independent tort such as false imprisonment and the vindication of the individual's right to undisturbed mental tranquility through an action for intentional infliction of mental distress. The thin line separating these two concepts has plagued courts and litigants alike, and led some courts to resist the concept of mental tranquility as a separate interest deserving legal protection. See 64 ALR2d 100, 103–109, Prosser, Torts (4th ed), § 12, pp 49–52. Nevertheless, Michigan courts delineated intentional infliction of mental distress as a separate cause of action which "need not be parasitic to a separate cause of action as an aggravating element of damages". *Campos v General Motors Corp,* 71 Mich App 23, 25; 246 NW2d 352, 353 (1976). *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386; 239 NW2d 380 (1976), *Frishett v State Farm Mutual Automobile Ins Co,* 3 Mich App 688; 143 NW2d 612 (1966), *lv den,* 378 Mich 733 (1966). The trial court's misapprehension of the meaning of § 2917 thus appears additionally influenced by its failure to distinguish mental distress as an element of damages from the separate cause of action for intentional infliction of mental distress.

From our determination that MCL 600.2917; MSA 27A.2917, does not operate to limit a plaintiff in his choice of the form or legal theory for his action, we must turn to a consideration of the nature of plaintiff's action and the applicable stat-

ute of limitations. At the outset we note that the statute of limitations is two years for false imprisonment actions, MCL 600.5805(1); MSA 27A.5805(1); actions for intentional infliction of mental distress fall within the language of MCL 600.5805(7); MSA 27A.5805(7), and must be brought within three years from the accrual of the action. *Campos v General Motors Corp, supra,* at 26; 246 NW2d at 354. In applying the correct statute of limitations to this case, we must examine both "the label placed upon the plaintiff's action and the type of interest that was allegedly injured". *Stringer v Board of Trustees of Edward W Sparrow Hospital,* 62 Mich App 696, 698–699; 233 NW2d 698, 699–700 (1975), *lv den,* 395 Mich 768 (1975).

Plaintiff has denominated Count I of the complaint "Intentional Infliction of Emotional Distress" and alleges defendant's security guards' verbal abuse of her during their detention of her grandson and the outrageous character of their actions as the basis of her claim. Although paragraph 5(e) of Count I of the complaint appears to sound in false imprisonment, the plaintiff also has alleged that conduct by the security guards invaded her right to mental tranquility, thus causing her mental suffering. As this Court pointed out in *Campos v General Motors Corp, supra,* at 25–26; 246 NW2d at 354, discussing closely similar facts, one set of facts may give rise to two causes of action depending on the interest injured. Taking the well-pled allegations as true, as well as all reasonable inferences from them, as we must, *Williams v Polgar,* 391 Mich 6, 11; 215 NW2d 149, 151 (1974), we find that plaintiff is basing her claim on a theory of intentional infliction of mental distress. Such an action is governed by the

three-year statute of limitations in MCL 600.5805(7); MSA 27A.5805(7); the plaintiff's action is thus not barred.

One word of caution is appropriate. Any allegation in the complaint that sounds in false imprisonment is barred by the statute of limitations under MCL 600.5805(1); MSA 27A.5805(1); plaintiff will thus be limited at trial to her proofs on her action for intentional infliction of mental distress.

Reversed. Plaintiffs may tax costs.