CAMPOS v GENERAL MOTORS CORPORATION

1. TORTS—INTENTIONAL INFLICTION OF MENTAL DISTRESS.

   Michigan recognizes intentional infliction of mental distress as a separate and distinct cause of action; the basis for this tort is that one has a legally protected right to be free from serious, intentional and unprivileged invasions of mental and emotional tranquility.

2. LIBEL AND SLANDER—REPUTATION.

   Slander embodies the public policy that individuals should be free to enjoy their reputations unimpaired by defamatory attacks; the gist of the action is damage to reputation.

3. LIBEL AND SLANDER—DAMAGES—MENTAL SUFFERING.

   Mental suffering is an element of damages recoverable in a defamation action.

4. TORTS—INTENTIONAL INFLICTION OF MENTAL DISTRESS—LIBEL AND SLANDER—SAME CONDUCT.

   The conduct of falsely accusing another of a crime may give rise to a cause of action for slander and a cause of action for intentional infliction of mental distress.

5. JUDGMENT—ACCELERATED JUDGMENT—WELL-PLEADED ALLEGATIONS.

   A party's well-pleaded allegations are taken as true when considering the opposing party's motion for an accelerated judgment.

6. LIMITATION OF ACTIONS—INTENTIONAL INFLICTION OF MENTAL DISTRESS—STATUTES.

   The statute of limitations for an action for intentional infliction of mental distress is three years (MCLA 600.5805[7]; MSA 27A.5805[7]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 6, 7] 74 Am Jur 2d, Torts § 26 *et seq.*
[2, 3] 50 Am Jur 2d, Libel and Slander §§ 356–358.
[5] 47 Am Jur 2d, Judgments § 964 *et seq.*

7. Torts—Intentional Infliction of Mental Distress—Libel and Slander—Limitation of Actions—Statutes.

An action arising out of a false accusation of criminal activity is not barred by the 1-year statute of limitations for defamation actions where the complaint alleged intentional infliction of mental distress; however, any portion of the complaint which relies upon reactions of others and damage to reputation sounds in defamation and is subject to the 1-year statute of limitations (MCLA 600.5805[6]; MSA 27A.5805[6]).

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted June 3, 1976, at Lansing. (Docket No. 27135.) Decided August 24, 1976.

Complaint by Felix P. Campos against General Motors Corporation, Oldsmobile Division, for damages arising out of a false accusation of criminal activity. Accelerated judgment for defendant. Plaintiff appeals. Reversed.

*Birch & Dean,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *Robert W. Townsend* and *Peter L. Dunlap),* for defendant.

Before: Allen, P. J., and D. E. Holbrook, Jr., and E. H. Papp,* JJ.

E. H. Papp, J. On August 20, 1975, plaintiff filed his complaint, alleging that while an employee of defendant on February 18, 1974, he was wrongfully accused of criminal activity, possession of marihuana. Defendant filed an answer including affirmative defenses and moved for accelerated judgment. GCR 1963, 116.1(5). The trial court held the action was barred by the running of the statute of limitations and granted accelerated judg-

_____

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ment to defendant. We disagree with that finding and reverse.

The issue in this case is not when the acts complained of occurred or when the claim accrued, but rather the nature of the cause of action stated in the complaint. Plaintiff claims his action is one for intentional infliction of mental distress and invasion of privacy; defendant claims it is one of slander.

Michigan does recognize, as a separate and distinct cause of action, intentional infliction of mental distress. This cause of action need not be parasitic to a separate cause of action as an aggravating element of damages. *Frishett v State Farm Mutual Automobile Insurance Co,* 3 Mich App 688; 143 NW2d 612 (1966), *lv den,* 378 Mich 733 (1966), *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386; 239 NW2d 380 (1976). The basis for the tort of intentional infliction of mental distress is that one has a legally protected right to be free from serious, intentional and unprivileged invasions of mental and emotional tranquility. 38 Am Jur 2d, *Fright, Shock, and Mental Disturbance,* § 4, p 6.

Slander, on the other hand, embodies the public policy that individuals should be free to enjoy their reputations unimpaired by defamatory attacks. 50 Am Jur 2d, *Libel and Slander,* § 1, p 512. The gist of the action is damage to reputation. Confusion between the two concepts undoubtedly arises because of the fact that mental suffering is an element of damages recoverable in a defamation action. *Cf. Cyrowski v Polish-American Publishing Co,* 196 Mich 648; 163 NW 58 (1917). However, the interest protected by the two forms of action are different and must be recognized as such. The same conduct, falsely accusing another

of crime, may give rise to two causes of action depending on the interest which was injured.

Taking the well-pled allegations as true, as we must, *Williams v Polgar,* 391 Mich 6; 215 NW2d 149 (1974), we find that plaintiff's complaint is one of intentional infliction of mental distress, not slander. Plaintiff's complaint itself demonstrates the confusion we spoke of above. Only those allegations which charge an intentional interference with plaintiff's own mental well being, as distinguished from other's reactions to the charges, are not barred by the 1-year statute of limitations of MCLA 600.5805(6); MSA 27A.5805(6). That portion of the complaint which relies upon the reactions of others and damage to his reputation sounds in defamation and is barred by the statute of limitations.

We hold that in an action for intentional infliction of mental distress the appropriate statute of limitations is the 3-year period of MCLA 600.5805(7); MSA 27A.5805(7). Although the factual basis for both causes of action in the instant case is the same, the type of interest which was allegedly injured is sufficiently different to warrant application of the longer period. See *Stringer v Board of Trustees of Edward W Sparrow Hospital,* 62 Mich App 696; 233 NW2d 698 (1975), *lv den,* 395 Mich 768 (1975).

*Harrison v Arrow Metal Products Corp,* 20 Mich App 590; 174 NW2d 875 (1969), *lv den,* 383 Mich 816 (1970), does not compel a different result. In *Harrison* plaintiff argued that the false accusations of criminal activity deprived him of other employment and that this deprivation of employment was a separate tort. This Court held that it was not. This case may be distinguished on that basis. The courts of this state have recognized an

intentional infliction of mental distress as a separate cause of action. *Warren v June's Mobile Home Village & Sales, Inc, supra.* There is no need to bootstrap this claim on a claim for slander.

Defendant relies heavily on the fact that plaintiff, in a deposition, stated his recovery was for injury for his reputation. In the same deposition, however, plaintiff states that he is claiming loss because of the mental anguish and suffering which resulted from the accusation itself, not others' reaction to it. Our holding does not mean that plaintiff will recover or even that a trial must be held. Several other special defenses were raised in the answer and as yet have been untested by the circuit court. Nor do we express an opinion as to the sufficiency of this complaint to state a cause of action for intentional infliction of mental distress. See *Warren v June's Mobile Home Village & Sales, Inc, supra.* We hold only that the trial court erred in considering this case as one solely of defamation in which mental distress was merely an element of damages, rather than one which involved the individual cause of action of intentional infliction of mental distress in applying the statute of limitations.

Reversed.