ADKINS v ANNAPOLIS HOSPITAL

Docket No. 56790. Submitted April 6, 1982, at Detroit.—Decided May
    21, 1982. Leave to appeal applied for.

    Plaintiff Hobert Adkins was injured on December 3, 1977, when
    he fell down the stairs in his house. He immediately sought
    treatment at defendant Annapolis Hospital. He was discharged
    from the hospital on the same day after X-rays were taken and
    after being told by the hospital staff that he had not suffered
    any fractured bones. After being discharged he continued to
    experience pain. On January 17, 1978, he visited his physician
    who determined that he had suffered a fractured foot, probably
    from the December 3, 1977 fall. On January 21, 1980, plaintiff
    filed an action against the hospital and others. The hospital's
    motion for accelerated judgment, claiming the suit was barred
    by the statute of limitations, was granted by the Wayne Circuit
    Court, Robert J. Colombo, J. Plaintiff appeals alleging error in
    the application of the two-year statute of limitations for mal-
    practice actions to his cause of action instead of the three-year
    statute of limitations for ordinary negligence. *Held:*

    1. The two-year limitation period was correctly applied to

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 40 Am Jur 2d, Hospitals and Asylums § 39.
    Statute of limitation applicable to malpractice action against physi-
    cian, surgeon, dentist, or similar practitioner. 80 ALR2d 320.
    When statute of limitations commences to run against malpractice
    action against physician, surgeon, dentist, or similar practitioner.
    80 ALR2d 368.
[2] 51 Am Jur 2d, Limitation of Actions § 61 *et seq.*
[3] 51 Am Jur 2d, Limitation of Actions § 453 *et seq.*
[4] 40 Am Jur 2d, Hospitals and Asylums § 38.
    61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 326 *et
    seq.*
[5] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 205.
[6] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 200 *et
    seq.*
[7] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 318 *et
    seq.*
[8] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 321.

this action since a malpractice action was properly pleaded against the hospital.

2. Plaintiff's claim is one for medical malpractice since he alleged that the staff of the defendant hospital misdiagnosed his injuries, then misinformed him.

3. Plaintiff's suit was not timely filed. His cause of action accrued when he was discharged from the hospital. He knew of the acts or omissions by the staff of the hospital and had reason to suspect the treatment was improper after visiting his physician, nevertheless, he failed to file his suit within six months after he discovered, or after he should have discovered, his cause of action. The accelerated judgment was properly granted based on plaintiff's failure to file suit within the six-month period provided for malpractice actions.

Affirmed.

1. LIMITATION OF ACTIONS — MALPRACTICE — HOSPITALS.

A two-year statute of limitations applies to a hospital when a cause of action for malpractice is properly pleaded against the hospital (MCL 600.5805[4]; MSA 27A.5805[4]).

2. LIMITATION OF ACTIONS — CHOICE OF LAWS.

The focal point in determining what period for limitation of actions controls in a particular case is the type of interest allegedly harmed.

3. LIMITATION OF ACTIONS — CHOICE OF LAWS — PLEADINGS.

The applicable period of limitation of actions depends on the theory actually pled where the same set of facts can support either of two distinct causes of action.

4. PLEADING — MEDICAL MALPRACTICE.

A plaintiff alleges an action for medical malpractice against a hospital where the crux of his complaint is that the staff of the defendant hospital misdiagnosed his injury, misinformed him and breached the standard of care practiced in the medical community.

5. WORDS AND PHRASES — MEDICAL MALPRACTICE.

Medical malpractice is the failure of a member of the medical profession, employed to treat a patient professionally, to fulfill the duty to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same or similar locality, in light of the present state of medical science.

6. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — STATUTES.

A two-year period of limitations for medical malpractice, rather than a three-year period for ordinary negligence, applies to a complaint presenting a standard of conduct issue which cannot be determined by common knowledge and experience, but rather, raises a question of medical judgment (MCL 600.5805[4]; MSA 27A.5805[4]).

7. LIMITATION OF ACTIONS — ACCRUAL OF ACTIONS — MEDICAL MALPRACTICE — STATUTES.

A medical malpractice action accrues at the time that the defendant discontinues treating the plaintiff in a professional capacity; the action must be commenced within six months after the plaintiff discovers or should have discovered his cause of action (MCL 600.5838; MSA 27A.5838).

8. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — DISCOVERY OF CAUSE OF ACTION.

A plaintiff discovers a cause of action for medical malpractice when the act or omission of the defendant becomes known and the plaintiff has reason to believe that the medical treatment either was improper or was performed in an improper manner.

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman*), for plaintiff.

*Cozadd, Shangle, Smith & Andrews* (by *John R. Day*), for defendant.

Before: ALLEN, P.J., and D. C. RILEY and R. R. FERGUSON,* JJ.

PER CURIAM. The plaintiff appeals from an order of accelerated judgment granted in favor of the defendant hospital. The facts in this case are simple. The plaintiff was injured when he fell down the stairs in his house on December 3, 1977. He was rushed to the emergency room at Annapolis Hospital, where he complained of pain in his foot, knee, shoulder, and wrists. Multiple X-rays were taken. The hospital staff told the plaintiff that he had not suffered any fractured bones and

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

the plaintiff was discharged from the hospital on the day that he entered.

The plaintiff, continuing to experience pain in his foot, suspected that it was fractured. On January 17, 1978, he visited his physician, Arthur B. Kellert. Dr. Kellert advised the plaintiff that he had suffered a fractured foot, probably as a result of the December 3, 1977 accident.

On January 21, 1980, the plaintiff filed the current lawsuit. On October 28, 1980, the defendant Annapolis Hospital moved for accelerated judgment pursuant to GCR 1963, 116.1(5), on the basis that the suit was barred by the statute of limitations. The hospital's motion was granted on February 26, 1981, and plaintiff appeals by right.

The plaintiff first claims that the trial court wrongfully applied a two-year instead of a three-year statute of limitations. MCL 600.5805; MSA 27A.5805 establishes a two-year limitation for malpractice suits and a three-year limitation for ordinary negligence. The plaintiff claims that a three-year limit applies in this case because his complaint alleges ordinary negligence; the defendant counters that a two-year limit applies because the complaint sounds in medical malpractice.

Initially, we observe that hospitals are covered by the two-year statute of limitations for malpractice when a cause of action for malpractice is pleaded. In determining what kinds of malpractice are covered by the two-year limitation of MCL 600.5805(4); MSA 27A.5805(4), we must glean the legislative intent from the words of the statute, providing the statute is unambiguous on its face. *Sam v Balardo,* 411 Mich 405; 308 NW2d 142 (1981). While there is some question as to which professions are protected by the shortened period, the Legislature clearly indicated that it believed

certain enumerated licensed health care professionals, including hospitals, were subject to the shortened limitations period, as it listed those professions in describing a shortened period for initiating actions after discovery of the alleged malpractice, in MCL 600.5838; MSA 27A.5838. Although the Supreme Court has indicated that this list of covered professions is not exhaustive and does not reflect all those professions that the Legislature intended to cover *(Sam, supra)*, we believe that the list of included professions reflects the Legislature's intent to expand the class of individuals who may be sued for malpractice and to limit the time period for bringing a malpractice action against those individuals. To hold otherwise would render the language of § 5838 a nullity.

At oral argument on appeal, plaintiff's counsel vigorously argued that the Supreme Court's reasoning in *Sam v Balardo, supra,* requires application of a three-year limitation period in this action against a hospital. In *Sam,* however, the Supreme Court held that the common law recognized an action for malpractice against attorneys and that action, as any other common-law action for malpractice, was governed by the two-year limitation period of § 5805(3) [now § 5805(4)] of the RJA. The Supreme Court did not consider whether the common law or statute recognized a malpractice action against hospitals or what limitation period should be applied in such an action.[1]

More closely on point is *Kambas v St Joseph's Mercy Hospital of Detroit,* 389 Mich 249; 205 NW2d 431 (1973), and the legislative reaction thereto. In *Kambas,* the Supreme Court held that the common law did not recognize a malpractice

---

[1] We observe that after *Sam,* the Court has continued to acknowledge that malpractice actions may be maintained against hospitals. *Wilson v Stilwill,* 411 Mich 587; 309 NW2d 898 (1981).

action against a nurse, so the three-year limitation for ordinary negligence, and not the two-year limit for malpractice, governed such an action. After *Kambas*, however, the Legislature amended § 5838 of the RJA, suggesting that it believed certain health care professions, including hospitals, should be protected by a two-year limitation period and by a shortened discovery period. We interpret *Sam* as the Supreme Court's recognition that the amendment to § 5838, listing those health care professions, did not indicate that the Legislature intended to preclude a common-law malpractice action against unenumerated professionals, such as attorneys.

We believe that the Legislature has clearly indicated that hospitals should be governed by the shorter, malpractice period of limitation and, accordingly, hold that where a malpractice action is properly pleaded against a hospital the two-year limitation period of § 5805(4) applies.

Plaintiff claims in his brief, however, that his complaint is one for ordinary negligence, not for malpractice. The type of interest allegedly harmed is the focal point in determining which limitation period controls. *Wilkerson v Carlo,* 101 Mich App 629, 631; 300 NW2d 658 (1980); *Stringer v Board of Trustees of Edward W Sparrow Hospital,* 62 Mich App 696, 699-700; 233 NW2d 698 (1975), *lv den* 395 Mich 768 (1975). The applicable period of limitations depends upon the theory actually pled when the same set of facts can support either of two distinct causes of action. *Wilkerson, supra,* 631-632. The gravamen of an action is determined by reading the claim as a whole. *Smith v Holmes,* 54 Mich 104; 19 NW 767 (1884).

The crux of the plaintiff's complaint is that the staff of the defendant hospital misdiagnosed the

plaintiff's injury, then misinformed the plaintiff. The complaint alleges that the medical attention rendered by the hospital staff to the plaintiff breached the standard of care practiced in the medical community.

We believe that this allegation falls squarely within the definition of medical malpractice in *Cotton v Kambly,* 101 Mich App 537, 540-541; 300 NW2d 627 (1980), *lv den* 411 Mich 1033 (1981):

> "[M]edical malpractice * * * has been defined as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same or similar locality, in light of the present state of medical science."

In order to prove this allegation, expert testimony is probably required to establish the standard of care expected in examining X-rays. We observe that the facts pleaded in this case are distinguishable from those in *Fogel v Sinai Hospital of Detroit,* 2 Mich App 99; 138 NW2d 503 (1965), and *Gold v Sinai Hospital of Detroit, Inc,* 5 Mich App 368; 146 NW2d 723 (1966), in which patients' suits against hospitals for falls were held to sound in ordinary negligence and not malpractice. Instead, the allegations in this complaint are more similar to those in *Wilson v Stilwill, supra,* in which the plaintiffs alleged that an infection had been allowed to develop due to the hospital's improper care. The *Wilson* Court observed that the case before it presented a "standard of conduct issue which cannot be determined by common knowledge and experience, but rather raises a question of medical judgment". *Wilson, supra,* 611. Accordingly, we hold that the two-year statute of

limitations for medical malpractice was applied correctly to the allegations in this complaint.

*Stitt v Mahaney,* 72 Mich App 120; 249 NW2d 319 (1976), *rev'd on other grounds* 403 Mich 711; 272 NW2d 526 (1978), which plaintiff relies upon to support his claim, is inapplicable. The issue before the *Stitt* Court was whether a directed verdict was appropriate in a case involving a mislabeled X-ray. Although the Court of Appeals did observe that this error was an act of "ordinary, 'nonmedical' negligence", it treated the cause of action as one for medical malpractice. Nothing in the opinion suggested that an ordinary negligence period of limitations should apply in that case or in the case before us.

Next, the plaintiff alleges that if the two-year statute of limitation applies in this case, his suit was timely filed. MCL 600.5838; MSA 27A.5838 states that a medical malpractice action accrues at the time that the defendant discontinues treating the plaintiff in a professional capacity. The statute further states that a medical malpractice suit must be commenced within six months after the plaintiff discovers or should have discovered his cause of action. A two-prong test helps a court in determining when a plaintiff discovered, or should have discovered, a defendant's alleged malpractice. A plaintiff discovers malpractice when: (1) the act or omission of the defendant becomes known; and (2) the plaintiff has reason to believe that the medical treatment either was improper or was performed in an improper manner. *Jackson v Vincent,* 97 Mich App 568, 573; 296 NW2d 104 (1980).

This plaintiff's cause of action accrued on December 3, 1977, when he was discharged from Annapolis Hospital after having been told that his

foot was not fractured, and treatment by the hospital ceased. Dr. Kellert diagnosed plaintiff's injury as a fracture, contradicting the assertion by the hospital's agents that the plaintiff's foot was not fractured. At this point, plaintiff knew of the acts or omissions by the staff of the hospital and had reason to suspect the treatment was improper, yet he failed to act within the six-month period. As plaintiff did not file this suit until January 21, 1980, more than two years later, after the last treatment and well after the discovery period had run, the trial court properly granted the defendant's motion for accelerated judgment. See *Jackson, supra,* 578.

Affirmed.