Jansen, J.
(dissenting). I respectfully dissent and would affirm the trial court’s order denying defendants’ motions for summary disposition.
The alleged defamatory statements have been fully set forth by the majority. The trial court ruled that the gravamen of the statements is that plaintiff is a criminal who kills his victims. The trial court found that the allegation that plaintiff is a criminal and a killer could lead to the inference that he is a murderer, and that such an allegation constitutes libel per se. The trial court went on to rule that the statements are not protected by the First Amendment and, thus, denied defendants’ motions for summary disposition under MCR 2.116(C)(8).
A defamatory statement is traditionally defined as one that tends to so harm the reputation of persons so as to lower them in the estimation of the community or to deter others from associating or dealing with them. Locricchio v Evening News Ass’n, 438 Mich 84, 115; 476 NW2d 112 (1991). A cause of action for defamation includes four elements: (1) a false and defamatory statement concerning the plaintiff, (2) an *15 unprivileged conununication to a third party, (3) fault amounting to at least negligence on the part of the publisher,[1] and (4) either actionability of the statement regardless of special harm or the existence of special harm caused by the publication. Id. at 115-116.
This case essentially turns on whether the statements made by defendants are held to be expressions of opinion that are protected from a defamation action or are held to be false statements of fact that are not protected from a defamation action. See Milkovich v Lorain Journal Co, 497 US 1, 19; 110 S Ct 2695; 111 L Ed 2d 1 (1990); Ireland v Edwards, 230 Mich App 607, 616; 584 NW2d 632 (1998). Further, this Court has held that direct accusations or inferences of criminal conduct or wrongdoing are not protected as opinion. Hodgins v Times Herald Co, 169 Mich App 245, 253; 425 NW2d 522 (1988). Additionally, an accusation of a commission of a crime is defamatory per se, meaning that it is actionable without proof of special harm or loss of reputation. Wilkerson v Carlo, 101 Mich App 629, 632; 300 NW2d 658 (1980); Tumbarella v Kroger Co, 85 Mich App 482, 493; 271 NW2d 284 (1978); see also In re Thompson, 162 Bankr 748 (Ed Mich, 1993) (the mother’s allegation that the father had sexually abused their minor daughter was defamation per se because the allegation effectively accused the father of committing a crime).
*16 I find the present case to be similar to both Milkovich and Hodgins where the respective courts found the alleged defamatory statements to be actionable. First, the statements directed toward plaintiff are provable as false because plaintiff had not been convicted of any crime at the time they were made. Thus, whether plaintiff had engaged in criminal practices or was a killer when the statements were made are objectively verifiable events and can be proved as false. See Ireland, supra at 616.
Further, the statements are not merely strongly worded opinions, but actually accuse plaintiff of criminal wrongdoing (as a killer or murderer), and, thus, cross “the line dividing strongly worded opinion from accusation of crime.” Hodgins, supra at 254. Similarly, in Milkovich, supra at 21, the Supreme Court stated the following:
We are not persuaded that... an additional separate constitutional privilege for “opinion” is required to ensure the freedom of expression guaranteed by the First Amendment. The dispositive question in the present case then becomes whether a reasonable factfinder could conclude that the statements in the [newspaper] column imply an assertion that petitioner Milkovich perjured himself in a judicial proceeding. We think this question must be answered in the affirmative. As the Ohio Supreme Court itself observed: “[T]he clear impact in some nine sentences and a caption is that [Milkovich] ‘lied at the hearing after . . . having given his solemn oath to tell the truth.’ ”... This is not the sort of loose, figurative, or hyperbolic language which would negate the impression that the writer was seriously maintaining that petitioner committed the crime of perjury. Nor does the general tenor of the article negate this impression.
Like Milkovich, the present case does not involve the “sort of loose, figurative, or hyperbolic language” *17 tending to negate the impression that the defendants were seriously asserting that plaintiff is a murderer. Accordingly, the statements made by the defendants accusing plaintiff of being a killer and of engaging in criminal activities are not protected by the First Amendment.
Therefore, I would hold that the trial court did not err in denying defendants’ motions for summary disposition under MCR 2.116(C)(8) because the pleadings, accepted as true, set forth an actionable defamation claim. Whether the statements are actually false, defamatory, and made with the knowledge that they were false or with reckless disregard of whether they were false is for a factfinder to determine.
I would affirm.

 It is not disputed that plaintiff is a public figure. In such a case, the public figure must prove that the statement was made with actual malice, that is, that it was made with knowledge that it was false or with reckless disregard of whether it was false or not. This showing of actual malice is subject to a “clear and convincing” standard of proof. Garvelink v Detroit News, 206 Mich App 604, 608; 522 NW2d 883 (1994).