**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0074n.06

**Nos. 16-2598/2679**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Feb 14, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PCA MINERALS, LLC, | ) | |
| | ) | |
| Plaintiff-Appellant/Cross-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES |
| | ) | DISTRICT COURT FOR |
| MERIT ENERGY COMPANY, LLC, | ) | THE WESTERN DISTRICT |
| | ) | OF MICHIGAN |
| Defendant-Appellee/Cross-Appellant. | ) | |

BEFORE: BOGGS, GRIFFIN, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** In this diversity action involving mineral rights, PCA Minerals (PCA) challenges the magistrate judge's dismissal of its unjust-enrichment claim as barred under the unclean-hands doctrine. On cross-appeal, Merit Energy (Merit) asserts that both unclean hands and laches bar PCA's unjust-enrichment claim. We reverse the magistrate judge's dismissal of PCA's unjust-enrichment claim under the unclean-hands doctrine; we reverse as well the determination that the unclean-hands doctrine bars Merit's laches defense, and remand for further proceedings consistent with this opinion.

**I.**

By quit-claim mineral deed dated September 29, 1997, Tenneco Packaging Inc., conveyed to PCA (then called Martin-Marks I, LLC) mineral rights in certain real estate in Manistee County, Michigan, including reversionary interests in two oil-drilling tracts, the Manistee 24 Unit and the Bahr Unit, that would ripen on January 11, 2005. In 2004, Merit

succeeded to the interests of Shell Western E&P (SWEPI), including the working interests in the Manistee 24 and Bahr Units. Merit, the unit owner and operator of the wells within each Unit, thus began paying the costs of operating the wells in 2004. PID 2487-88/Dist. Ct. Op.

Neither party realized until April 2013 that PCA's reversionary interests had ripened on January 11, 2005, at which time PCA became the 50% working-interest owner of the Bahr Well and part of the Manistee 24 Unit, and Merit's interest terminated. Unaware that its 50% working interest was extinguished, Merit continued to produce oil and gas after January 11, 2005, PID 2501, and asserts that it paid out $467,000 in royalty payments to third parties; payments PCA now claims it should have been paid. Merit Cross-Appeal Opening Br. 50.

There is no dispute that the principals of both parties have decades of experience in oil-and-gas-drilling operations.

## II. Procedural History

PCA filed its complaint in state court in October 2013, alleging entitlement to a share of the production of oil, gas, and other hydrocarbons from the Manistee 24 and Bahr Units. PID 8-9. PCA alleged that its right to share in the production accrued on January 11, 2005, but that Merit, the unit operator of the Units and owner and operator of the wells within each Unit, has not accounted for, calculated or paid PCA its share of the production. PID 2481. PCA alleged claims of unjust enrichment, conversion, and breaches of fiduciary duty, the reasonably-prudent-operator standard, and the plan of unitization (a contract pertaining to the Manistee 24 Unit). PCA sought a constructive trust, equitable lien, declaratory judgment as to royalties, and an accounting. PID 3-14/Complaint; 2488-98/Dist. Ct. Op. Merit removed the action to federal court based on diversity jurisdiction. PID 366/Order Granting Merit's Motion to Amend Notice

of Removal.  The parties consented to dispositive jurisdiction by a magistrate judge.  *See PCA Minerals LLC v. Merit Energy Co., LLC*, No. 1:13-cv-1243, 2015 WL 4546287, at *1–5 (W.D. Mich. 2015); docket entry R. 16.

Following discovery, PCA filed various motions for partial summary judgment and Merit filed a motion for summary judgment.  The magistrate judge granted PCA partial summary judgment regarding its interest in the lands and the extinguishment of Merit's lease covering PCA's lands; dismissed several of PCA's claims on grounds not pertinent to this appeal; dismissed PCA's unjust-enrichment claim and rejected Merit's laches defense on the basis that both parties had unclean hands based on their lack of diligence in discovering that PCA's interests in the lands vested on January 11, 2005 and that Merit's term mineral interest expired on that date, PID 2517-19; and granted Merit summary judgment "to the extent it requests the Court to apply a three year statute of limitations" to PCA's conversion claim.  PID 2520.

On October 12, 2016, pursuant to the parties' stipulation, the magistrate judge entered a stipulated judgment of $233,120.86 in PCA's favor, with no award of costs, interest or attorney fees.  PID 2839-40.  The stipulated judgment states that it "shall not be deemed to be a waiver of either party's right of appeal, and it shall be without prejudice as to the right of either party to pursue an appeal and cross appeal with regard to the Court's opinion and ruling made on July 28, 2015 (Page ID 2840-2520) and August 26, 2016 (Page ID. 2829-2832) and this Judgment."  PID 2839-40/Stipulated J. entered 10/12/16.  Because the parties negotiated informally, the record reveals no more regarding how the amount was calculated.

On appeal, PCA challenges the dismissal of its unjust-enrichment claim as barred under the unclean-hands doctrine.[1] Merit challenges the district court's rejection of its laches defense under the same doctrine, and also argues against application of the six-year statute of limitations to PCA's dismissed unjust-enrichment claim.

## III.

Federal courts sitting in diversity "apply state substantive law and federal procedural law." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010), (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). This court reviews de novo the district court's interpretation of Michigan law, *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012), as well as the district court's determinations on summary judgment, *John Hancock Fin. Servs., Inc. v. Old Kent Bank*, 346 F.3d 727, 730 (6th Cir. 2003). "Summary judgment is proper if . . . there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The evidence must be viewed in a light most favorable to the party opposing the motion, giving that party the benefit of all reasonable inferences." *Id*.

## IV.  Unjust Enrichment

Under Michigan law, to establish unjust enrichment PCA must show 1) the receipt of a benefit by Merit from PCA, and 2) an inequity resulting to PCA because of the retention of the benefit by Merit. *Karaus v. Bank of N.Y. Mellon*, 831 N.W.2d 897, 905 (Mich. Ct. App. 2012).

---

[1] PCA asserts for the first time on appeal that it appears that the amount Merit claims to have improperly paid to third parties must have ceased in October 2009, and posits that Merit knew or must have known in 2009 that PCA's reversionary interest had ripened in 2005. Appellant Br. 7-8, 19; Third Br. 17. This argument is not properly before us and we do not address it. *See Galinis v. Cty. of Branch*, 660 F. App'x 350, 354 (6th Cir. 2016).

If PCA can establish that Merit has been unjustly or inequitably enriched at its expense, the law will imply a contract to prevent the unjust enrichment. *See id.*

### A. Equitable Doctrine of Unclean Hands[2]

Applying the equitable doctrine of unclean hands,[3] the magistrate judge dismissed PCA's unjust-enrichment claim and rejected Merit's laches defense to PCA's claims.[4]

PCA asserts that the doctrine of unclean hands cannot be invoked as an equitable defense based solely on "mere negligence," and that the magistrate judge determined only that both parties were negligent. Merit asserts that dismissal of the claim under the unclean-hands doctrine was proper because PCA's eight-year delay in instituting this action constituted more than mere negligence.

We review the district court's application of the unclean-hands doctrine for abuse of discretion, *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995), but review de novo pure questions of law related to the doctrine, *Cyber Sols. Int'l, LLC v.*

---

[2] Merit's answer to PCA's complaint asserted as affirmative defenses laches, unclean hands, and the statute of limitations. PID 278. PCA incorrectly asserts that Merit raised the unclean-hands doctrine only as an affirmative defense in its answer to PCA's complaint, and because of that, PCA "did not address the doctrine of unclean hands in the pleadings it filed regarding the motions for summary judgment." Appellant Br. 11. Although Merit principally argued that laches should bar PCA's claims, it also argued unclean hands, *see* PID 1035-39, 1042-50 and ns.25-26/ Merit's Summ. J. Brief. Moreover, PCA's response to Merit's motion for summary judgment acknowledged that Merit sought dismissal under the doctrines of laches *and* unclean hands. *See* PID 1423/PCA Brief in Resp. to Merit Mo. for Summ. J.

[3] We reject Merit's assertion that the magistrate judge dismissed PCA' s unjust-enrichment claim not only under the unclean-hands doctrine, but also on the independent bases of "want of equity" and the equitable decision to "leave the parties where it found them." The magistrate judge's opinion is clear that these statements are based on the unclean-hands determination. *See* PID 2516-19.

[4] Merit conceded at argument that its cross-appeal is confined to PCA's unjust-enrichment claim; the district court's rulings regarding the conversion claim are no longer at issue.

*Pro Mktg. Sales, Inc.*, 634 F. App'x 557, 562 (6th Cir. 2016); *see also Bonner Farms, Ltd. v. Fritz*, 355 F. App'x 10, 17 (6th Cir. 2009) (diversity case applying Ohio substantive law) (citing *Ne. Women's Ctr., Inc. v. McMonagle*, 868 F.2d 1342, 1354 (3d Cir. 1989)).

As the Michigan Supreme Court observed in *Stachnik v. Winkel*:

(The clean hands maxim) "is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of the court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. This presupposes a refusal on its part to be 'the abettor of iniquity.' *Bein v. Heath*, 47 U.S. 228, 6 How. 228, 247, 12 L. Ed. 416."

230 N.W.2d 529, 532 (Mich. 1975) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)). Iniquity is defined as "the quality of being unfair or evil." *See* https://www.merriam-webster.com/dictionary/iniquity.

PCA is correct that negligence alone is insufficient to warrant application of the unclean-hands doctrine under Michigan law. In *Attorney General v. Ankersen*, 385 N.W.2d 658 (Mich. Ct. App. 1986), the Michigan Court of Appeals explained:

Here, there was no showing that the DNR acted in bad faith or with fraud in licensing and inspecting the operation. Nor had there been a showing that the DNR sought to mislead or deceive any other party. *Compare*, *Stachnik* [*v. Winkel*,] 230 N.W.2d 529[, 534 (Mich. 1975)]. At most, the evidence may show that the DNR was *negligent* in licensing ARS in the first place and in not moving sooner to compel compliance. There is simply insufficient evidence on the record showing bad faith or lack of morality on the part of the DNR which would justify invoking the doctrine of unclean hands to protect the integrity of the court. *Mere negligence in issuing a license and monitoring the premises do not constitute facts giving rise to the application of the doctrine of unclean hands*. Therefore, we conclude that the trial court erred in granting defendants' motions for dismissal at the conclusion of plaintiffs' proofs on the basis or either equitable estoppel or unclean hands.

385 N.W.2d at 667 (second emphasis added); *see also Rose v. Nat'l Auction Grp., Inc.*, 646 N.W.2d 455, 461 (Mich. 2002).

Here, the magistrate judge made no determination that PCA's or Merit's lack of diligence in discovering that PCA's reversionary interest had ripened in 2005 amounted to more than mere negligence. *See* PID 2516-19. The magistrate judge's remarks that each party seeks relief on the basis that the other party should have known about the reversion in 2005 and that "both parties could have pursued their homework more rigorously," PID 2516-19, at most reflect a determination of negligence, and negligence alone cannot support the magistrate judge's determination that both parties are "tainted with inequitableness" and barred from invoking equity on the basis of unclean hands. *Ankersen*, 385 N.W.2d at 667. That determination constituted error regardless whether our review is de novo or for abuse of discretion. *See Cyber Sols. Int'l*, 634 F. App'x at 562; *Bonner Farms*, 355 F. App'x at 17; *Performance Unlimited, Inc.*, 52 F.3d at 1383. Accordingly, we reverse the dismissal of PCA's unjust-enrichment claim and the rejection of Merit's laches defense based on unclean hands.[5]

## B. Statute of Limitations Governing Unjust-Enrichment Claim

Merit asserts that "any proper application of the Michigan gravamen analysis precludes PCA's attempted use of its unjust enrichment count to allow any recovery beyond that already provided by the District Court via its application of the conversion 3-year statute of limitations." Cross-Appeal Br. 42.

---

[5] Merit's assertion that the continuing-wrong doctrine precludes PCA's unjust-enrichment claim is not properly before us because Merit failed to raise it before the magistrate judge. *See Galinis*, 660 F. App'x at 354.

We first observe that although the magistrate judge dismissed PCA's unjust-enrichment claim on the basis of unclean hands, the magistrate judge's preliminary observations regarding that claim can be read as finding that the six-year statute of limitations applicable to breach-of-contract actions applies.[6] The magistrate judge went on to dismiss the unjust-enrichment claim as barred by unclean hands and did not engage in a gravamen analysis with respect to the claim. Relying on the magistrate judge's discussion of PCA's other claims, Merit asserts that the magistrate judge's determination that conversion is the gravamen of those other claims mandates the determination that conversion is the gravamen of the unjust-enrichment claim as well.

Michigan courts typically apply a gravamen analysis, that is, review the complaint in its entirety to determine the true nature of the claims, and apply the statute of limitations governing the legal gravamen claim to equitable claims that seek analogous relief. The Michigan Supreme Court "has long recognized that statutes of limitation may apply by analogy to equitable claims." *Taxpayers Allied for Constitutional Taxation v. Wayne Cty.*, 537 N.W.2d 596, 600 n.9 (Mich. 1995). "If legal limitations periods did not apply to analogous equitable suits, 'a plaintiff [could] dodge the bar set up by a limitations statute simply by resorting to an alternate form of relief provided by equity.'" *Id.* (quoting *Lothian v. Detroit*, 324 N.W.2d 9, 14 (Mich. 1982)). Thus, when an equitable claim would provide relief that is analogous to the relief available under

---

[6] The magistrate judge set forth various legal principles regarding unjust enrichment in Michigan, citing Michigan cases, including *Romeo Inv. Ltd. v. Mich. Consol. Gas Co.*, No. 260320, 2007 WL 1264008, at *8 (Mich. Ct. App. May 1, 2007), which applied the six-year limitation period for contract claims to an unjust-enrichment claim. PID 2517. The magistrate judge also noted that, after *Romeo*, the Michigan Court of Appeals found in *Trudel v City of Allen Park*, No. 304507, 2013 WL 6037152, at *17 (Mich. Ct. App. Nov. 14, 2013), that the statute of limitations for unjust-enrichment claims is six years, citing Mich. Comp. Laws Ann. § 600.5813 ("All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."), and Mich. Comp. Laws Ann. § 600.5815 ("The prescribed period of limitations shall apply equally to all actions whether equitable or legal relief is sought."). PID 2517 n.10. The magistrate judge then stated, "A claim for unjust enrichment accrued each time that Merit Energy sold oil or gas produced from the property commencing on October 8, 2007 (six years prior to the filing of the action)." PID 2517.

a similar legal claim, courts typically apply the legal claim's statute of limitations to the equitable claim as well. *Lothian*, 324 N.W.2d at 14.

When an unjust-enrichment claim is not based on an analogous contract claim, but on a different legal claim, Michigan courts will apply the statute of limitations applicable to that claim. *See Peabody v. DiMeglio*, 856 N.W.2d 245, 251 (Mich. Ct. App. 2014) (ten-year limitations period for enforcement of judgments applied to unjust-enrichment claim based on the enforcement of the provisions of a divorce judgment).

PCA is correct that there is a lack of authority to support Merit's assertion that under Michigan's gravamen analysis, because conversion is the gravamen of some of PCA's claims, PCA's unjust-enrichment claim cannot be governed by the six-year statute of limitations. In that regard, Merit cites two federal district court decisions to support the position that the three-year statute applies to PCA's unjust-enrichment claim. Cross-Appeal Br. 42-46 & n.44. In *Brilinski v. Merit Energy Co., LLC*, No. 14-CV-10015, 2015 WL 418091 (E.D. Mich. Jan. 30, 2015), which involved conversion and unjust-enrichment claims, the district court concluded that the gravamen of the complaint was for conversion and that both claims were thus governed by the three-year statute of limitations:

> The two claims are not, however, governed by two different limitations periods. As advised above, a court must determine the gravamen of the complaint and apply the appropriate limitations period to the harm alleged. *Adams* [*v. Adams*], 742 N.W.2d [399,] 403. Here, Brilinski's claim is that Defendants drilled a gas well within the 330 foot buffer zone around his property line which led to the drainage of gas from his land. Such claims have been consistently held to be claims of conversion. *See, e.g., Ross v. Damm*, 278 Mich. 388, 270 N.W. 722, 725 (Mich. 1936) ("From these facts we conclude that defendants by drilling their wells too close to the [property] line . . . deprived plaintiff of the opportunity of claiming and taking the oil that was rightfully hers; and defendants must respond in damages for such conversion."). Thus, the gravamen of Brilinski's complaint is for conversion and his claims are controlled by a three year statute of limitations.

*Brilinski*, 2015 WL 418091, at \*4. *Miller v. Pathway Fin., Assured Capital Funding*, No. 12-cv-14387, 2013 WL 1821252, at \*4 (E.D. Mich. Apr. 30, 2013), another federal district court decision that Merit cites, applied a gravamen analysis to various claims alleging predatory lending practices and concluded that claims for rescission and quiet title were based on fraud and subject to the six-year statute of limitations applicable to fraud claims.

Michigan courts do, indeed, conduct a gravamen analysis when a plaintiff attempts to avoid the applicable statute of limitations by ignoring the true nature of the wrong alleged and recasting it as a claim subject to a longer statute. Michigan courts have made clear that a plaintiff may not plead a malpractice claim subject to a two-year statute of limitations as a general negligence claim subject to a three-year limitations period, *see Simmons v. Apex Drug Stores, Inc.*, 506 N.W.2d 562, 564 (Mich. Ct. App. 1993), *modified on other grounds*, *Patterson v. Kleiman*, 526 N.W.2d 879 (Mich. 2004) ("A plaintiff may not evade the appropriate limitation period by artful drafting."), or as a breach-of-contract claim, *see Nicholson v. Han*, 162 N.W.2d 313, 317 (Mich. Ct. App. 1968) ("Count 1 does not allege two substantial causes of action. It is founded on allegations of breach of contract; but the gravamen of the action sounds in tort, that is, the substance of the allegations denominate a tort.").

On the other hand, nothing prohibits a plaintiff from pleading multiple claims when there are, in fact, multiple theories of liability that are legally viable and consistent with the facts; where a plaintiff has a contract claim, tort claim, and a claim for statutory violation, all may be pled. *See, e.g., Joliet v. Pitoniak*, 715 N.W.2d 60, 64, 68–70 (Mich. 2006) (analyzing individually plaintiff's claims of alleged violations of Michigan's Civil Rights Act, breach of contract, and misrepresentation, to determine whether each was time barred).

Merit cites no Michigan state-court decisions, and only the two non-binding federal district court decisions discussed above, to support its argument that PCA's equitable unjust-enrichment claim *must* be governed by the same three-year statute of limitations as its legal conversion claim, i.e., that different statutes of limitation cannot apply to claims based on the same facts. This assertion is inconsistent with *Peabody*'s discussion of the various causes of action and their applicable statutes of limitations. And in discussing the very gravamen principles that Merit relies on, the Michigan Court of Appeals has recognized that the "applicable period of limitations depends upon the theory actually pled when the same set of facts can support either of two distinct causes of action":

> The type of interest allegedly harmed is the focal point in determining which limitation period controls. *Wilkerson v. Carlo*, 101 Mich. App. 629, 631, 300 N.W.2d 658 (1980); *Stringer v. Board of Trustees of Edward W. Sparrow Hospital*, 62 Mich. App. 696, 699-700, 233 N.W.2d 698 (1975), *lv. den.* 395 Mich. 768 (1975). The applicable period of limitations depends upon the theory actually pled when the same set of facts can support either of two distinct causes of action. *Wilkerson*, *supra*, 101 Mich. App. at 631-632, 300 N.W.2d 658. The gravamen of an action is determined by reading the claim as a whole. *Smith v. Holmes*, 54 Mich. 104, 19 N.W. 767 (1884).

*Adkins v. Annapolis Hosp.*, 323 N.W.2d 482, 485 (Mich. Ct. App. 1982), *aff'd*, 360 N.W.2d 150 (Mich. 1984); *see also Campos v. Oldsmobile Div., General Motors Corp.*, 246 N.W.2d 352, 354 (Mich. Ct. App. 1976) ("The same conduct, falsely accusing another of crime, may give rise to two causes of action [one being slander and the other intentional infliction of mental distress] depending on the interest which was injured.").

Thus, the magistrate judge's determination that the conversion claim is subject to a three-year statute of limitations is not dispositive of the limitations period applicable to the unjust-enrichment claim. On remand, the court should determine whether the unjust-enrichment claim is a distinct claim or is simply a recasting of the conversion claim.

**V.**

We reverse the dismissal of PCA's unjust-enrichment claim and the determination that the unclean-hands doctrine bars Merit's laches defense to that claim, and remand for further proceedings consistent with this opinion.