Edward G. Baker, J.
Defendant moves pursuant to OPLB 3211 (subd. [a], par. 7) for dismissal of the complaint on the ground that it fails to state a cause of action.
The complaint alleges that the defendant doctor treated the plaintiff for a cerebral concussion in 1958; that in 1960 she became insured with Mutual of Omaha Insurance Company for certain disability cash benefits; that in 1961 she became disabled and applied for benefits thereunder; that she was advised by the insurance company that she could not receive any disability benefits because of information received from the defendant that she was not suffering from a mere concussion but had been treated for cervical osteoarthritis by the defendant and that she had omitted to reveal said condition to the insurance company; that the diagnosis of cervical osteoarthritis furnished by the defendant to said insurance company was false and known to be false by the defendant when it was made to the insurance company; that as a result she lost all her disability benefits under the policy and was obliged to settle her claim for the sum of $4,642.90; that such false and fraudulent diagnosis was made with the deliberate intent to deprive plaintiff of her benefits due under the policy; that at the time the defendant made the statement and diagnosis he knew it was false and unfounded and contrary to the diagnosis originally made by binn as to the plaintiff’s condition.
Inasmuch as it appears from the complaint that reliance is had only on a specific unlawful and tortious act, the remedy is not in prima facie tort, as contended by the defendant. The remedy, if any, is in traditional tort (Ruza v. Ruza, 286 App. *443 Div. 767). Moreover, the tort need not have a name (Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg. Co., 7 A D 2d 441).
The furnishing of false information is actionable if done maliciously or with intention to harm another, or so recklessly and without regard to its consequences, that a reasonably prudent person should anticipate that damage to another will naturally follow (Morrison v. National Broadcasting Co., 24 A D 2d 284). By its very nature a false statement intentionally made is wrongful, If it inflicts material harm upon another, which was or should have been in the contemplation of the actor, and it results in actual damage to the plaintiff’s economic or legal relationships, an action may lie. It logically follows that to sustain a complaint, it is not necessary that the pleading must allege that the defendant was solely motivated to injure the plaintiff. It is enough if the falsities charged were intentionally uttered and did in fact cause the plaintiff to suffer actual damage in his economic or legal relationships (Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg. Co., supra). The report submitted to the insurance company in 1962, which contained a diagnosis and treatment of an osteoarthritic condition, was in conflict and at variance with the diagnosis and treatment set forth in the hospital report rendered by the defendant in 1958 wherein there was no mention whatsoever of such condition. Therefore, upon the facts here adduced, it appears that said information was furnished in disregard of the plaintiff’s rights and without concern as to its consequences and that the defendant should have anticipated that damage to the plaintiff would naturally result.
Moreover, in the instant case the furnishing of the information by the defendant to the insurance company, without plaintiff’s authorization, was unlawful as it was in violation of the privileged and confidential relationship of physician and patient. There was a recognized legal duty owing by defendant to the plaintiff, which was breached by the defendant, allegedly resulting in damage to the plaintiff (86 C. J. S., Torts, §§ 6, 13, 21).
Accordingly, the motion is denied.