PAUL H. HANNAWAY *vs.* EDWIN M. COLE. June 6, 1974. This is an appeal from an order sustaining a demurrer to an action in tort for malpractice. The grounds stated in the demurrer were that the declaration did not state a cause of action and that it did not state the facts necessary to constitute the cause of action concisely and with

substantial certainty. See G. L. c. 231, § 7, Second. The declaration alleged in substance that the plaintiff had related confidential information to the defendant, a psychiatrist, in the course of professional treatment and that the defendant had disclosed that information, causing injury to the plaintiff. Courts in a number of other jurisdictions have held that a doctor has a legal duty not to disclose confidential information related to him in the context of a professional relationship and have recognized a cause of action in tort for damages resulting from such a disclosure. See, e.g., *Hammonds* v. *Aetna Casualty & Surety Co.* 243 F. Supp. 793, 801-802 (N.D. Ohio 1965); *Hague* v. *Williams,* 37 N.J. 328, 335-336 (1962); *Felis* v. *Greenberg,* 51 Misc. 2d 441, 443 (N. Y. Supr. Ct. 1966). Although this question has never been decided in Massachusetts, there appears to be a development toward recognition of the validity of a patient's interest in confidentiality (see G. L. c. 233, § 23B, added by St. 1958, c. 256; G. L. c. 233, § 20B, added by St. 1968, c. 418) and the potential civil liability of a doctor for a breach thereof (see G. L. c. 112, § 12G, added by St. 1971, c. 335, § 2). Even if such an action could be brought in this Commonwealth, we are of the opinion that the present declaration is deficient in that it does not set forth the circumstances of the alleged disclosure or the identity of the person or persons to whom it was made. These omissions are of sufficient gravity so as to prevent the defendant from pleading to the declaration intelligently and with directness. See *Grandchamp* v. *Costello,* 289 Mass. 506, 507 (1935); *Webber* v. *Johnson,* 342 Mass. 455, 459 (1961). The order sustaining the demurrer is affirmed and judgment is to be entered for the defendant.

*So ordered.*

The case was submitted on briefs.
*Paul H. Hannaway,* pro se.
*Lionel H. Perlo & Jacob J. Locke* for the defendant.