KOLLENBERG v RAMIREZ

Docket No. 62672. Submitted February 18, 1983, at Detroit.—Decided
July 19, 1983.

Eugene Kollenberg, a licensed pharmacist, was sued by Ronald
Semmel, one of Kollenberg's customers, after Semmel suffered
a severe reaction or overdose resulting in hospitalization after
taking medication given him by Kollenberg. The medication
had been prescribed by Semmel's physician, Dr. Jamie Ramirez.
Kollenberg, prior to filling the prescription, called Ramirez to
express his belief that the prescription was for an incorrect or
extremely high dosage. Ramirez ordered Kollenberg to fill the
prescription. At some point during Semmel's stay in the hospi-
tal, Ramirez allegedly told Semmel that Kollenberg erred in
filling the prescription, resulting in the filing of Semmel's suit
against Kollenberg. That lawsuit was eventually voluntarily
dismissed with prejudice by Semmel. Kollenberg then filed suit
against Ramirez in Wayne Circuit Court alleging malpractice,
malicious prosecution and libel and slander. The trial court,
Patrick J. Duggan, J., granted summary judgment in favor of
defendant on the malpractice count and accelerated judgment
based on the running of the period of limitation on the defama-
tion count. Kollenberg filed an amended complaint alleging: (1)
negligence in intentionally communicating a false statement;
(2) that Kollenberg was a third-party beneficiary of a contrac-
tual relationship between Ramirez and Semmel and that Rami-
rez breached his duty under that contract in regard to Kollen-
berg; (3) that Ramirez intentionally interfered with a business

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 37 Am Jur 2d, Fraud and Deceit §§ 283, 285, 287.
    57 Am Jur 2d, Negligence § 37.
    50 Am Jur 2d, Libel and Slander §§ 539, 546.
    What constitutes special damages in action for slander of title. 4
    ALR4th 532.
[3] 50 Am Jur 2d, Libel and Slander §§ 540, 546.
[4] 1 Am Jur 2d, Actions § 100 et seq.
    50 Am Jur 2d, Libel and Slander § 553.
[5] 50 Am Jur 2d, Libel and Slander § 357.
    74 Am Jur 2d, Torts § 31.

relationship between Kollenberg and Semmel; and (4) malpractice by Ramirez. The trial court granted summary judgment in favor of defendant on the third-party beneficiary and malpractice claims and partial summary judgment on the negligence claim. The court also limited the intentional interference with a business relationship claim to a claim of tortious interference with economic relations between Kollenberg and Semmel. Ramirez sought leave to appeal the trial court's order granting partial summary judgment but sustaining Kollenberg's cause of action for injuries sustained as a result of Ramirez's alleged intentional publication of a false statement. Leave was granted and Ramirez appealed. Kollenberg cross appealed the order granting summary judgment in Ramirez's favor on Kollenberg's third-party beneficiary and negligence claims. *Held:*

1. Kollenberg has a valid action to recover damages he sustained by being sued by Semmel, which action was precipitated by Ramirez's alleged false statement to Semmel as to Kollenberg's having erroneously filled the prescription. Kollenberg sufficiently alleged elements of the tort of injurious falsehood to give Ramirez notice of an injurious falsehood action. Furthermore, although the torts of injurious falsehood and defamation may overlap, actions for both may be brought in the same suit as long as damages are not duplicated. Finally, while a one-year period of limitation applies to defamation actions, a three-year period of limitation applies to Kollenberg's injurious falsehood claim alleging special pecuniary damages incurred as a result of defending against the lawsuit brought about by the alleged false statement. General damages are precluded. The trial court did not err in preserving Kollenberg's action to recover special pecuniary damages against Ramirez.

2. The trial court did not err in granting Ramirez summary judgment on the third-party beneficiary claim. Kollenberg failed to state a third-party beneficiary claim.

3. The trial court did not err in granting partial summary judgment in favor of Ramirez on that part of Kollenberg's first count in his amended complaint which sounded in negligence.

Affirmed but modified in part to preclude Kollenberg's action for general damages to his professional reputation and remanded.

1. TORTS — INJURIOUS FALSEHOOD — PECUNIARY LOSS.

Injurious falsehood cases typically concern derogatory or disparaging communications regarding the title to property or its quality; the gist of the tort is some interference with an

economically advantageous relationship which results in pecuniary loss rather than an action that directly affects property.

2. TORTS — INJURIOUS FALSEHOOD — PECUNIARY LOSS.
    One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and he knows that the statement is false or acts in reckless disregard of its truth or falsity.

3. TORTS — INJURIOUS FALSEHOOD — DEFAMATION — INJURY TO REPUTATION — PECUNIARY LOSS — OVERLAPPING TORTS.
    A false statement that casts aspersion upon both an individual personally and upon that individual's tangible or intangible property interest may result in damages to either the individual's reputation or his or her pecuniary interests or both; in such cases, the torts of injurious falsehood and defamation may overlap, and when two torts overlap, the plaintiff may bring suit for both torts as long as damages are not duplicated.

4. LIMITATION OF ACTIONS — APPLICABLE PERIODS FOR LIMITATION — INTERESTS HARMED.
    The focal point in determining what period for limitation of actions controls in a particular case is the type of interest allegedly harmed; where the same set of facts can support either of two distinct actions, the applicable limitations period is the one controlling the theory actually pled.

5. TORTS — INJURIOUS FALSEHOOD — DAMAGES.
    General personal damages for injury to the plaintiff's professional reputation are not recoverable in an injurious falsehood action.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Sherwin Schreier*), for plaintiff.

*MacArthur & Cheathum, P.C.* (by *Brian J. Doren*), for defendant.

Before: MACKENZIE, P.J., and BRONSON and HOOD, JJ.

HOOD, J. Defendant appeals by leave granted that part of the trial court's November 13, 1981,

order granting partial summary judgment, GCR 1963, 117.2(1), to defendant but sustaining plaintiff's cause of action for injuries sustained as a result of defendant's alleged intentional publication of a false statement. Plaintiff cross-appeals the order granting summary judgment on his third-party beneficiary and negligence claims.

Plaintiff alleged that he is a licensed pharmacist and, at the time relevant to this lawsuit, was the owner and operator of the Garden City Medical Center Prescriptions in Garden City. On May 24, 1977, a regular customer, Ronald Semmel, brought two prescriptions to plaintiff to fill. The prescriptions were written by his physician, the defendant. Plaintiff believed that one prescription was for an incorrect or extremely high dosage. He telephoned defendant to inform defendant of this error. Dr. Ramirez allegedly answered defendant by ordering him to fill the prescription as written. Plaintiff did so.

Following his consumption of the prescribed medications, Mr. Semmel suffered a severe reaction or overdose resulting in hospitalization. Sometime during Mr. Semmel's hospital stay, defendant allegedly told Mr. Semmel that the reaction or overdose was caused by plaintiff's error in filling the prescription. As a result of this communication from defendant to Mr. Semmel, Mr. Semmel filed a lawsuit against plaintiff in the Wayne County Circuit Court sometime in September or October, 1977. Mr. Semmel voluntarily dismissed this lawsuit against plaintiff with prejudice, without costs, and without any settlement against plaintiff on February 16, 1979.

On August 1, 1979, plaintiff filed this action against defendant in the Wayne County Circuit Court by a three-count complaint alleging mal-

practice, malicious prosecution, and libel and slander. On March 13, 1981, the trial court granted summary judgment, GCR 1963, 117.2(1), in favor of defendant on the malpractice count and accelerated judgment based upon the running of the period of limitation, GCR 1963, 116.1(5), on the defamation count. The trial court granted plaintiff 20 days to file an amended complaint.

On April 2, 1981, plaintiff filed his first amended complaint alleging (I) negligence by defendant arising from defendant's intentional communication of a false statement to Mr. Semmel, (II) that plaintiff was a third-party beneficiary of a contractual relationship between defendant and Mr. Semmel and that defendant breached his duty under that contract in regard to plaintiff, (III) that defendant intentionally interfered with a business relationship between plaintiff and Mr. Semmel, and (IV) malpractice by defendant, essentially a reiteration of Count I of plaintiff's original complaint.

The trial court granted defendant's motion for summary judgment, GCR 1963, 117.2(1), as to Counts II and IV, the third-party beneficiary and malpractice claims, and partial summary judgment on Count I, the negligence claim. The trial court limited Count III to a claim of tortious interference with economic relations between plaintiff and Mr. Semmel.

More specifically as to Count I, the trial court ruled:

"I am granting the summary judgment insofar as he is bringing a cause of action which would involve negligence on the part of the doctor. I don't think any cause of action exists for a negligence *[sic]* act which happens to result in the consequences that he alleges. But I do think there should be a remedy if, in fact, this doctor deliberately made that false statement."

Defendant argues in this appeal, as he did in the lower court, that Count I of plaintiff's first amended complaint was actually a reiteration of the defamation claim, or slander per se, that plaintiff alleged in his original complaint. As such, defendant argues that that claim should have been dismissed as barred by the running of the one-year period of limitation for defamation actions. MCL 600.5805(7); MSA 27A.5805(7). We disagree and affirm the trial court's ruling on that claim.

The trial court recognized that no existing Michigan law names a cause of action that fits the facts as alleged in Count I of plaintiff's first amended complaint. However, the trial court recognized that plaintiff should have some remedy for the intentional act alleged in Count I of plaintiff's complaint and for the specific damages alleged to be the consequence of that wrongful act. Those specific damages were the cost to plaintiff of defending the lawsuit filed by Mr. Semmel and other pecuniary loss suffered by plaintiff as a result of that lawsuit.

We agree that a tort which allows for the recovery of legal fees and other costs resulting from a lawsuit alleged to be caused by a third party's intentional false statement is novel in this state. However, we agree with the trial court that plaintiff does have a valid action to recover those damages. This action is recognized in other jurisdictions as a species of the tort of injurious falsehood. See, generally, Prosser, Torts (4th ed), Injurious Falsehood, § 128, p 915.

Injurious falsehood cases typically concern derogatory or disparaging communications regarding the title to property or its quality. See, Prosser, *supra.* However, the gist of the tort is some interference with an economically advantageous rela-

tionship which results in pecuniary loss rather than an action that directly affects property. "[I]t is equally possible to dispar[a]ge the plaintiff's business by reflecting upon its existence or character, the manner in which it is conducted, its employees, or its customers, without affecting any property." Prosser, *supra,* p 919.

A New York case recognizes such an action where damages flow from the plaintiff's defense of an unwarranted lawsuit. In *Gale v Ryan,* 263 App Div 76; 31 NYS2d 732 (1941), plaintiff alleged that defendants, as part of a scheme to defraud the federal government, falsely reported to the Internal Revenue Service that they had paid more income to plaintiff, their employee, than plaintiff had previously reported to the IRS. As a consequence of this intentional false statement, plaintiff was subjected to prosecution by the IRS. The *Gale* court agreed that the defendants' alleged false statement could foreseeably cause such a prosecution.

In *Felis v Greenberg,* 51 Misc 2d 441, 443; 273 NYS2d 288, 290 (1966), the court said:

"The furnishing of false information is actionable if done maliciously or with intention to harm another, or so recklessly and without regard to its consequences, that a reasonably prudent person should anticipate that damage to another will naturally follow *(Morrison v National Broadcasting Co,* 24 AD2d 284 [266 NYS2d 406]). By its very nature a false statement intentionally made is wrongful. If it inflicts material harm upon another, which was or should have been in the contemplation of the actor, and it results in actual damage to the plaintiff's economic or legal relationships, an action may lie. It logically follows that to sustain a complaint, it is not necessary that the pleading must allege that the defendant was solely motivated to injure the plaintiff. It is enough if the falsities charged were intention-

ally uttered and did in fact cause the plaintiff to suffer actual damage in his economic or legal relationship * * *."

The elements of an injurious falsehood action are set forth in 3 Restatement Torts, 2d, § 623A, p 334:

"One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if

"(a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and

"(b) he knows that the statement is false or acts in reckless disregard of its truth or falsity."

We find that plaintiff did sufficiently allege these elements of injurious falsehood in Count I of his first amended complaint. Plaintiff alleged that defendant published a false statement to Mr. Semmel knowing that statement to be false. Plaintiff also alleged that defendant knew, or should have known, that this false publication would likely result in an action brought against plaintiff which would cause plaintiff pecuniary loss. Furthermore, plaintiff alleged that his special damages, or pecuniary losses, were the costs associated with defending Mr. Semmel's lawsuit and other economic consequences flowing from that lawsuit. See, Prosser, *supra,* p 922. Thus, although sounding in negligence, Count I of plaintiff's first amended complaint was sufficient to give defendant notice of an injurious falsehood action. GCR 1963, 111.1.

We also agree with defendant's argument to the extent that we recognize that plaintiff's claim also alleges elements of a defamation action. Moreover,

plaintiff also claimed damages flowing from defendant's injury to his professional reputation.

A false statement that casts aspersion upon both an individual personally and upon that individual's tangible or intangible property interest may result in damages to either the individual's reputation or his or her pecuniary interests or both. In such cases, such as in this case, the torts of injurious falsehood and defamation may overlap. When two torts overlap, the plaintiff may bring suit for both torts as long as damages are not duplicated. 3 Restatement Torts, 2d, § 623A, Comment *g,* p 341.

The more difficult question presented in this case is whether a properly asserted action for an injurious falsehood arising from a statement that is also defamatory in nature is subject to the one-year period of limitation for a defamation action. Some jurisdictions hold that an action for slander of title, a form of injurious falsehood, does fall within the filing period for a defamation or libel and slander action despite the special pecuniary damages alleged. See *Norton v Kanouff,* 165 Neb 435; 86 NW2d 72 (1957); *Woodard v Pacific Fruit & Produce Co,* 165 Or 250; 106 P2d 1043 (1940).

However, in *Horstein v General Motors Corp,* 391 F Supp 1274 (SD NY, 1975), the court refused to apply a defamation statute of limitations for a claim sounding in defamation and some other unspecified intentional tort akin to an injurious falsehood. Plaintiff in *Horstein* had alleged general damages to his reputation but also alleged special pecuniary damages to his personal credit and the costs of substantial legal fees he incurred because of the defendant's action. To determine the applicable statute of limitations, the *Horstein* court looked to the form of damages sought by plaintiff as well as the elements of the action alleged and

held that a statute of limitations other than for a defamation action applied to plaintiff's cause of action for damages flowing from his special pecuniary losses.

We find the *Horstein* approach the better one, the one that comports best with analogous Michigan case law. In *Wilkerson v Carlo,* 101 Mich App 629; 300 NW2d 658 (1980), *lv den* 411 Mich 984 (1981), the plaintiff filed an action for libel and slander. The trial court granted the defendant's motion for accelerated judgment because plaintiff was barred by the defamation one-year period of limitation. The plaintiff subsequently filed an amended complaint alleging tortious interference with an advantageous economic relationship. The defendant again moved for accelerated judgment arguing that the new claim was premised upon a defamatory statement and was, thus, barred by the statute of limitations. Plaintiff argued, as plaintiff does in this case, that the three-year period of limitation for damages to person or property applied. MCL 600.5805(8); MSA 27A.5805(8).

This Court reversed the trial court's grant of accelerated judgment.

"The type of interest allegedly harmed is the focal point in determining what limitations period controls. * * * Where the same set of facts can support either of two distinct actions, the applicable limitations period is the one controlling the theory actually pled." *Wilkerson, supra,* pp 631-632 (citations omitted).

The *Wilkerson* Court held that plaintiff had alleged the necessary elements of a tortious interference with an economic relationship even though that interference was allegedly caused by a defamatory statement. The plaintiff was correct in argu-

ing that the three-year period of limitation applied to that tort. *Wilkerson, supra,* p 634. Accord *Joba Construction Co, Inc v Burns & Roe, Inc,* 121 Mich App 615; 329 NW2d 760 (1982).

We find the reasoning of *Wilkerson* applicable here where plaintiff's allegations could support either an action for defamation or for an injurious falsehood. Plaintiff has pled all the elements of an injurious falsehood including special pecuniary damages. In addition to the costs of defending Mr. Semmel's lawsuit, plaintiff alleged:

"That as a direct and proximate result of the conduct of the defendant, Dr. Jamie Ramirez, the plaintiff, Eugene Kollenberg, for several years was unable to obtain malpractice insurance coverage for himself as a pharmacist, and thereby was unable to be gainfully employed in his occupation and profession, and as a result therefrom suffered loss of earnings as well as loss of earning capacity, and further, suffered injury and damage to his professional reputation."

However, we limit the three-year limitations period to an action for only those special pecuniary damages alleged. General personal damages for injury to plaintiff's professional reputation are not recoverable in the injurious falsehood action. Thus, we modify the trial court's order to the extent that plaintiff is precluded from seeking such general damages.

On cross-appeal, plaintiff argues that the trial court erred by granting defendant summary judgment on the third-party beneficiary claim. We disagree and affirm that judgment.

A third-party beneficiary action is defined by statute:

"Any person for whose benefit a promise is made by

way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.

"(1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person." MCL 600.1405; MSA 27A.1405.

Even if, as plaintiff alleges, the relationship between defendant and Mr. Semmel produced an implied promise that defendant would draft an accurate prescription, such a "contract" cannot be construed as intended to directly benefit plaintiff. Thus, plaintiff failed to state a third-party beneficiary claim.

Finally, plaintiff cross-appeals the trial court's grant of partial summary judgment for that portion of Count I sounding in negligence. As we have discussed above, the essence of this claim was an intentional wrong, not an act of negligence. Plaintiff stretches a duty analysis to the absurd to justify a negligence action premised upon this intentional wrong. Thus, we again affirm the trial court's partial summary judgment on Count I.

Affirmed but modified in part to preclude plaintiff's action for general damages to his professional reputation and remanded.