NEW FRANKLIN ENTERPRISES v SABO

Docket No. 123243. Submitted October 11, 1991, at Detroit. Decided December 16, 1991, at 9:10 A.M. Leave to appeal denied, 439 Mich 945.

New Franklin Enterprises, and others, brought an action in the Wayne Circuit Court against John N. Sabo, and others, alleging libel, slander, injurious falsehood, and intentional infliction of emotional distress. The defendants, candidates for public office in the City of Taylor, published a newsletter that allegedly contained defamatory statements about the plaintiffs concerning contracts they had sought and secured from the City of Taylor. The court, John H. Gillis, Jr., J., granted summary disposition for the defendants, finding that the plaintiffs were limited-purpose public figures and that the statements were protected by a qualified immunity. The plaintiffs appealed with regard to the claims of libel and injurious falsehood.

The Court of Appeals *held:*

1. The court erred in determining that the plaintiffs were limited-purpose public figures. There is no indication that the performance of the contracts resulted in a public controversy into which the plaintiffs injected themselves, and the existence of the contractual relationship alone was insufficient to transform the plaintiffs into limited-purpose public figures. Summary disposition of the libel claim was error.

2. Summary disposition of the injurious falsehood claim was proper because the plaintiffs failed to present evidence of actual malice.

Affirmed in part, reversed in part, and remanded.

1. LIBEL AND SLANDER — QUALIFIED PRIVILEGE — LIMITED-PURPOSE PUBLIC FIGURES.

Publishers of statements concerning public figures have a qualified immunity that can be overcome only by a showing of actual malice; a private person can become a limited-purpose

REFERENCES

Am Jur 2d, Libel and Slander §§ 174, 175, 302, 302.5, 307.

See the Index to Annotations under Libel and Slander; Public Works and Contracts.

public figure by voluntarily entering into a particular controversy and assuming a special prominence in the resolution of that controversy; however, a private person is not automatically transformed into a limited-purpose public figure merely by becoming involved in or associated with a matter that attracts public attention or by receiving public funds; the nature and extent of the person's participation in the controversy must be considered.

2. Torts — Injurious Falsehood — Malice.

Summary dismissal of a claim of injurious falsehood is proper where the claimant fails to present evidence of malice.

*Gottlieb & Goren, P.C.* (by *Charles Gottlieb* and *Thomas R. Eckhardt*), for the plaintiffs.

*Harold Dunne,* for John N. Sabo, Glenda Finley, William F. Kemp, Hoyt F. Green, Franklin D. Hayes, Robert J. Hindman, Anthony Nasser, Mary Ann Pabis, Carol Cisco, and Frank J. Paine.

*Montagne, Schmidt, Matthews & Belanger* (by *Leland T. Schmidt*), for Joseph L. Jurkiewicz.

Before: Hood, P.J., and Murphy and Cavanagh, JJ.

Cavanagh, J. Plaintiffs appeal as of right the trial court's order summarily disposing of their claims of libel and injurious falsehood pursuant to MCR 2.116(C)(10). Plaintiffs contend that the trial court erroneously decided that they were limited-purpose public figures and that they had failed to submit sufficient evidence of malice. We agree in part and reverse.

Plaintiffs own and operate an amusement park on property owned by the City of Taylor. Defendants were candidates for public office in the City of Taylor and were members of a slate known as "The Sabo Team." During the course of the campaign, defendants published a newsletter that con-

tained allegedly defamatory statements about plaintiffs' business.

On October 22, 1987, plaintiffs filed a lawsuit alleging libel, slander, injurious falsehood, and intentional infliction of emotional distress. On May 24, 1989, defendants moved for summary disposition. Their motion was granted after the trial court found that the plaintiffs were limited-purpose public figures and that the statements made by the defendants were protected by a qualified immunity.

A communication is defamatory if it tends to lower an individual's reputation in the community or deters third persons from associating or dealing with that individual. *Swenson-Davis v Martel,* 135 Mich App 632, 635; 354 NW2d 288 (1984). To recover, the plaintiff must show:

> (a) a false and defamatory statement concerning plaintiff; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod). [*Postill v Booth Newspapers, Inc,* 118 Mich App 608, 618; 325 NW2d 511 (1982).]

The initial determination whether the publication is privileged is one of law for the court. *Lawrence v Fox,* 357 Mich 134, 139-140; 97 NW2d 719 (1959). If a privilege is found, the next question to address is whether a material issue of fact exists regarding whether the defendant made the statement with actual malice. *Parks v Johnson,* 84 Mich App 162, 169; 269 NW2d 514 (1978). Actual malice in a libel action is shown where the writing is made with knowledge that it is false or with reckless disregard of whether it is false or not. *New York Times*

*Co v Sullivan,* 376 US 254; 84 S Ct 710; 11 L Ed 2d 686 (1964). A showing of malice is also required if a plaintiff is to prevail on a claim of injurious falsehood. See *Kollenberg v Ramirez,* 127 Mich App 345, 352; 339 NW2d 176 (1983).

Publishers of statements concerning public figures are clothed with a qualified immunity that can be overcome only by a showing of actual malice. *VandenToorn v Bonner,* 129 Mich App 198, 207; 342 NW2d 297 (1983). A private person can become a limited-purpose public figure when he voluntarily injects himself or is drawn into a particular controversy and assumes a special prominence in the resolution of that public controversy. *Lins v Evening News Ass'n,* 129 Mich App 419, 432; 342 NW2d 573 (1983). However, a private person is not automatically transformed into a limited-purpose public figure merely by becoming involved in or associated with a matter that attracts public attention. The court must look to the nature and extent of the individual's participation in the controversy. *Wolston v Reader's Digest Ass'n, Inc,* 443 US 157, 166-167; 99 S Ct 2701; 61 L Ed 2d 450 (1979). Receipt of public funds alone is not sufficient to make a private person a public figure. *Hutchinson v Proxmire,* 443 US 111, 136; 99 S Ct 2675; 61 L Ed 2d 411 (1979).

In this case, the trial court determined that plaintiffs were limited-purpose public figures because the published statements related to contracts that plaintiffs had sought and secured with the City of Taylor. We disagree.

While it is true that plaintiffs entered into contracts with the City of Taylor, there was no showing that the performance of these contracts resulted in a public controversy into which the plaintiffs injected themselves. Before publication of the newsletter challenged here, there was no evi-

dence whatsoever that there was a public controversy surrounding plaintiffs' amusement park. There were no statements or articles in the local press. Nor was there any record of citizen complaints or press releases by the plaintiffs. The evidence before the trial court, at most, showed a contractual relationship between the plaintiffs and the City of Taylor, and, without more, we cannot agree with the trial court that plaintiffs were limited-purpose public figures.

The present case is very similar to *Hodgins v Times Herald Co,* 169 Mich App 245; 425 NW2d 522 (1988), a libel case where we were called upon to address the limited-purpose public figure doctrine. In that case, just as in the present controversy, there was "no indication that plaintiffs voluntarily injected themselves or were drawn into the controversy so as to assume a special prominence in the resolution of [the] public questions." *Id.* at 257. The existence of a contractual relationship alone was insufficient to transform the private individuals in *Hodgins* into limited-purpose public figures.

With regard to plaintiffs' claim of injurious falsehood, we agree with the trial court that plaintiffs failed to present evidence of actual malice. The deposition testimony of the defendants indicated that they relied on documentation, personal observation, and recommendations from their literature committee regarding the truth of the statements made to the public. There was nothing to show that the defendants published the statements with knowledge that the statements were false or with reckless disregard of the truth. Without a showing of malice, plaintiffs cannot sustain their claim of injurious falsehood.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.